## MERRILL v. BRUNNER.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

SALE—BREACH OF WARRANTY—CONDITIONAL SALE BY PURCHASER.

    A vendee of personalty, who makes a conditional sale of the property, still retaining possession of it, is not thereby precluded from maintaining an action against her vendor for false representations concerning the property.

Appeal from circuit court.

Action by Florence A. Merrill against Peter Brunner, as surviving partner of the firm of Brunner & Moore. The defendant appeals from a judgment for plaintiff.

Argued before BRADY, DANIELS, and BARTLETT, JJ.

*H. Daily,* for appellant. *H. W. P. Hodson,* for respondent.

BRADY, J. The plaintiff complained that the firm of Brunner & Moore, of which the defendant is the survivor, sold to her a suit of parlor furniture, and, with intent to deceive and defraud her, falsely and fraudulently represented to her that the furniture was of solid rosewood, very scarce and valuable, and a great bargain, when in truth, as the firm well knew, the furniture was not of solid rosewood, but, on the contrary, was of white wood stained to represent rosewood, and neither scarce nor valuable. The transaction with reference to the sale was conducted between the plaintiff and Moore, the deceased partner; and it appears that, although the furniture was in her possession for some months, as soon as she discovered that it was not what it was represented to be, she sought the defendant, stated the facts, and attempted to return it. He declined to receive it, insisting that no misrepresentation had been made, and no fraud had been perpetrated, and that she bought it as it was. The learned judge charged fully and explicitly upon the various issues, and also charged the requests which were submitted by the defendant. Up to this point no exception whatever had been taken to the charge. It appeared, however, during the cross-examination of the plaintiff, that she admitted a sale of the furniture, which she owned, to her mother, intending, as she said, to go abroad; but in reference to the suit of furniture in question she said the sale was conditional, and this statement was in no way altered or impaired by anything that occurred on the trial. The defendant's counsel supposed that that circumstance would relieve his client from the consequences of the false representations made by the firm, and asked the court to charge that, "if the jury believe plaintiff has made a bill of sale of this set of furniture to her mother, and that her mother has sold this furniture to Miss Lunt, this transfer or act on the part of the plaintiff, and the sale by the mother to Miss Lunt, defeats her right to recover in this action." The learned court said with regard to this that there was no defense set up in the answer that the plaintiff had not perfect control of the furniture, and that the matter, therefore, in regard to the bill of sale, was entirely collateral, and that the learned counsel was bound by the answer which the plaintiff gave to his questions on that subject, such answer being that the sale was conditional. The learned judge also said: "A conditional bill of sale does not mean an absolute sale, and such answer as that does not imply an absolute sale. If the sale to the mother was conditional, then, even although the mother herself may have assumed subsequently to make an absolute sale to Miss Lunt, that would not be binding upon the plaintiff, because the mother could not transfer any greater title than she had received from her daughter." The defendant's counsel excepted to that part of the charge which related to the bill of sale. There is no value in this exception. The assumed sale formed no part of the answer, and no application was made to the court for liberty to amend by setting it up. But if it had been stated in the answer, it would have been of no value, for the reason that it was said to be a condi-

tional sale, and the fact appeared that there had been no delivery of the property, inasmuch as the plaintiff had possession of it, had sent it to the store of the defendant after the discovery of the asserted fraud, and, the defendant having refused to accept it, had taken it back to her own residence. There are, indeed, no questions of law involved in this controversy. The right of the plaintiff to recover depended entirely upon the allegation of fraud, and the proofs furnished were quite sufficient to justify the submission of the case to the jury upon that issue. It was submitted under a charge to which no exception was taken, and under a statement of the law as favorable to the defendant as he could expect. The judgment appealed from should be affirmed, with costs. All concur.